**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FILOMENA DEL CARMEN MUNOZ-VENTURA; MARCELA ABIGAIL MUNOZ-VENTURA, | No.   16-71232 |
| Petitioners, | Agency Nos.    A206-782-458<br>A206-782-459 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2020
Pasadena, California

Before:  WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

Filomena Del Carmen Munoz-Ventura and her daughter, whose claim is derivative of her mother's, are natives and citizens of El Salvador.  They petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") denial of asylum.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Even if we assume that Munoz-Ventura's proposed social group of "Central American women who are the victims of domestic violence" is cognizable, substantial evidence supports the BIA's determination that Munoz-Ventura failed to establish that she is a member of that social group. *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003) ("We review the BIA's findings of fact . . . for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result."); 8 U.S.C. § 1101(a)(42)(A) (providing that an applicant must be a member of her proposed social group).

Munoz-Ventura asserts that "members of [the proposed] social group share a[n] . . . immutable characteristic of being unable to leave their domestic relationship." But substantial evidence supports the IJ's finding, adopted by the BIA, that Munoz-Ventura was not unable to leave her relationship with her domestic partner: her partner did not return to her home after his release from jail, she "always evaded him" and had "nothing to do with him" after that time, and they did not talk between his finding a new partner in January 2009 and her leaving El Salvador in 2014.

2. Even if we assume that Munoz-Ventura's proposed social group of "Central American women who are repeatedly raped by gang members" is cognizable, the BIA correctly determined that Munoz-Ventura failed to establish that she was raped on account of a protected ground. *Baghdasaryan v. Holder*, 592

2

F.3d 1018, 1023 (9th Cir. 2010) (explaining that an "applicant alleging past persecution has the burden of establishing that . . . the persecution was on account of one or more protected grounds").

Munoz-Ventura argues that she was raped "based on the fact that she was a woman who had already been raped," but the record evidence does not support such a nexus. Her attacker's warning not to tell anyone does not establish that he raped her a second time because she was already a rape victim. This argument also does not account for the first rape, which could not have been on account of her status as a rape victim.

**PETITION FOR REVIEW DENIED.**